UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

AUDREA RACHELLE PEET,                    )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )        No. 1:24-CV-00136 SNLJ
                                         )
CITY OF SIKESTON, et al.,                )
                                         )
        Defendants.                      )

## MEMORANDUM AND ORDER

Before the Court is self-represented plaintiff Audrea Rachelle Peet's motion for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1). For the reasons discussed below, the Court will direct plaintiff to submit an amended complaint on the Court's 'Civil Complaint' form. Additionally, the Court will deny defendants' motion to dismiss without prejudice, with leave to refile the motion after the refiling of plaintiff Audrea Rachelle Peet's amended complaint.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Self-represented plaintiff Audrea Rachelle Peet filed this civil action on July 19, 2024.[1] [ECF No. 1]. The type-written complaint is 36 pages in length. It contains thirteen (13) claims for relief against nine (9) defendants: the City of Sikeston, Missouri; Greg Turnbow (Mayor); Jonathan Douglass (City Manager); James McMillen (Chief of Police); John Broom (Captain); Tyler Rowe (Sergeant); Michael Minner (Police Officer); Stewart's Auto Sales, Inc.; and Roger Stewart. It appears defendant Roger Stewart is a private citizen who owns Stewart's Auto Sales. The other eleven defendants are alleged to be employed by the City of Sikeston, Missouri, and are sued in both their individual and official capacities pursuant to 42 U.S.C. § 1983.

The matters at issue in the complaint appear to have arisen when a dispute arose in February of 2022 between plaintiff's husband and defendant Roger Stewart. According to plaintiff, her and her husband owned a 2001 Ford F-350 truck and a 28-foot "goose-neck trailer." Plaintiff alleges, on February 23, 2022, her husband went to Stewart's Auto Sales to meet with defendant Stewart to discuss a potential real estate transaction. Defendant Stewart wished to sell a property located in Vanduser, Missouri ("the Property"). According to plaintiff, defendant Stewart represented there were eight mobile home trailers on the Property. It appears plaintiff's husband discussed trading the truck and trailer in exchange for the real estate. During the meeting, plaintiff's husband agreed to leave the truck and trailer in the custody of defendant Stewart to allow time for an inspection before finalizing the agreement. Plaintiff's husband also provided defendant Stewart with $2,000 of "honest money." At the time of the meeting, neither plaintiff nor her husband had visited the Property.

---

[1] Plaintiff and her husband, Gregory Allen Peet Sr., filed a similar action jointly. *See Peet v. City of Sikeston, Missouri, et al.*, Case No. 1:24-cv-00094-SNLJ (E.D. Mo. May 15, 2024). Plaintiff was stricken from that action because Mr. Peet did not have standing to bring claims on behalf of his wife.

On February 26, 2022, plaintiff's husband toured the Property and discovered it did not match the description provided by defendant Stewart, in part because it did not contain eight mobile home trailers. A couple of days later, plaintiff's husband attempted to recover the truck, trailer, and cash, but defendant Stewart allegedly refused to return the items.

Plaintiff claims defendant officers Minner and Rowe violated her 14th and 5th Amendment constitutional rights and engaged in an "unlawful search and seizure" because they would not assist her and her husband in recovering the truck, trailer, and cash. Plaintiff complains the officers erroneously told her that they could not intervene because it was a civil matter and not a criminal matter. Plaintiff also brings claims for municipal liability against the City of Sikeston, supervisor liability against the Chief of Police, police misconduct, civil conspiracy, fraud, intentional infliction of emotional distress, and a violation of the Americans with Disabilities Act.

Plaintiff seeks $1.2 million for compensatory damages in addition to punitive damages.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is not in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. However, in consideration of plaintiff's self-represented status, the Court will allow her to file an amended complaint.

First, the complaint is defective because it has not been drafted on a Court form. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff's complaint as currently drafted fails to comply with the Federal Rules of Civil Procedure because it does not provide a short and plain statement of factual allegations supporting her claims against each named defendant. Plaintiff purports to assert over a dozen

4

claims against nine defendants; however, she fails to provide specific factual allegations against

Mayor Turnbow, Captain Broom, and City Manager Douglass. In order to state a claim for § 1983

liability, a plaintiff must allege facts connecting the named defendants to the challenged action.

*See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Even self-represented plaintiffs are

required to set out not only their alleged claims in a simple, concise, and direct manner, but also

the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here,

plaintiff has not done so. While this Court must liberally construe self-represented filings, this

Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d

at 914-15 (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff

that assumed facts that had not been pleaded). Further, plaintiff's "kitchen-sink" approach to her

complaint is in direct contravention to Federal Rules of Civil Procedure 8 and 10 and will not be

countenanced by this Court.

Third, as to defendants Roger Stewart and Stewart's Auto Sales, Inc., they are not state

actors and cannot be sued under 42 U.S.C. § 1983 unless it can be properly alleged that they acted

in a civil conspiracy. *See Burbridge v. City of St. Louis, Missouri*, 2 F.4th 774, 782-83 (8th Cir.

2021). To properly plead a claim for such a civil conspiracy under § 1983, a plaintiff must include

factual allegations showing a "meeting of the minds" concerning unconstitutional conduct;

although an express agreement between the purported conspirators need not be alleged, there must

be something more than the summary allegation of a conspiracy. *See Mershon v. Beasley*, 994 F.2d

449, 451–52 (8th Cir. 1993). The plaintiff "must allege, at the very least, that there was a mutual

understanding, or a meeting of the minds, between the private party and the state actor." *Id.* at 451.

Here, plaintiff does not sufficiently allege any mutual understanding or meeting of the minds

concerning unconstitutional conduct among the defendants. *See Manis v. Sterling*, 862 F.2d 679,

681 (8th Cir. 1988) (discussing how allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a meeting of the minds).

<strong>Instructions for Filing an Amended Complaint</strong>

In consideration of plaintiff's self-represented status, the Court will give her the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

**Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.** Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should also indicate whether she intends to sue each defendant in his or her individual capacity, official capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting her claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is**

6

**being sued in his/her individual capacity or official capacity.** If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

If plaintiff is suing more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants belong in different suits. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Alternatively, plaintiff may choose a single defendant and set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s). **Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.** "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell*, 909 F.2d at 1208; *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848

(8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff must not amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

**Last, plaintiff should indicate in her amended pleading how the state court case against defendants, *Peet v. Sikeston, et al.,* No. 22SO-CV00248 (33rd Jud. Cir., Scott County Court), was ultimately resolved on or about July 14, 2022. If some or all the claims in that case were dismissed, plaintiff must inform the Court of such in her amended complaint.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Non-Prisoner Civil Complaint.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [ECF No. 5] is **DENIED without prejudice.**

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this _104h_ day of September, 2024.

STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE