UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AUDREA RACHELLE PEET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-CV-00136 SNLJ |
| ) | |
| CITY OF SIKESTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented plaintiff Audrea Rachelle Peet's amended complaint. ECF No. 10. For the reasons discussed below, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Also before the Court is defendants' motion to dismiss plaintiff's amended complaint, ECF No. 11, which will be denied as moot.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Prior to filing the instant complaint, plaintiff Audrea Peet's husband, Gregory Peet Sr., filed a similar action against the same defendants involving the same facts. *See Peet v. City of Sikeston, Missouri*, Case No. 1:24-CV-94-SNLJ (E.D. Mo. May 15, 2024) (hereinafter "*Peet I*"). Plaintiff Audrea Peet was stricken from *Peet I* because it appeared Gregory Peet was attempting

2

to bring claims on behalf of his wife, which he did not have standing to do. *Id.* at ECF No. 11. *Peet I* was dismissed and closed on October 10, 2024 upon initial review for failure to state a claim. *Id.* at ECF Nos. 30, 31. Gregory Peet filed a notice of appeal, but subsequently submitted a motion to dismiss his appeal. *Id.* at ECF No. 39.

Prior to the dismissal of *Peet I*, on July 19, 2024, plaintiff Audrea Peet initiated the instant action by filing a 36-page type-written complaint with thirteen (13) claims for relief against nine (9) defendants, including the City of Sikeston, Missouri; Mayor Greg Turnbow; City Manager Jonathan Douglass; Chief of Police James McMillen; Captain John Broom; Sergeant Tyler Rowe; Police Officer Michael Minner; Stewart's Auto Sales, Inc.; and Roger Stewart. It appeared defendant Roger Stewart was a private citizen who owned Stewart's Auto Sales. ECF No. 1. The other eleven defendants were alleged to be employees of the City of Sikeston, sued in both their individual and official capacities pursuant to 42 U.S.C. § 1983.

The complaint involved a dispute that arose in February of 2022 between her husband and defendant Stewart. According to plaintiff, she and her husband owned a 2001 Ford F-350 truck and a 28-foot trailer. Defendant Stewart owned property located in Vanduser, Missouri ("the Property"). Plaintiff's husband and Stewart discussed trading the truck and trailer in exchange for the real estate. During a meeting, plaintiff's husband agreed to leave the vehicles in the custody of Stewart to allow time for an inspection before finalizing the agreement. Plaintiff's husband allegedly also provided Stewart with $2,000 of "honest money." A short time later, plaintiff's husband toured the Property and discovered it did not match the description provided by Stewart because it did not contain eight mobile home trailers. A couple of days later, plaintiff's husband attempted to recover the truck, trailer, and cash, but Stewart allegedly refused to return the items.

3

Within the complaint, plaintiff claimed defendants Officer Minner and Sgt. Rowe violated her constitutional rights by failing to "keep the peace" and engaging in an "unlawful search and seizure" because they would not assist her and her husband in recovering their truck, trailer, and cash. Plaintiff asserted that the officers erroneously told her that they could not intervene because it was a civil matter and not a criminal matter. Plaintiff also brought claims for municipal liability against the City of Sikeston, supervisor liability against the Chief of Police, police misconduct, civil conspiracy, fraud, intentional infliction of emotional distress, and a violation of the Americans with Disabilities Act. Plaintiff sought $1.2 million for compensatory damages in addition to punitive damages.

On September 10, 2024, the Court reviewed plaintiff's complaint and determined it was not in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court but, in consideration of plaintiff's self-represented status, she would be permitted to file an amended complaint. ECF No. 7. The Court outlined three deficiencies: (1) the complaint was not drafted on a Court form as required by E.D. Mo. Local Rule 2.06(A); (2) the complaint did not provide a short and plain statement of factual allegations supporting her claims against each named defendant; and (3) as to Stewart and Stewart's Auto Sales, Inc., they were not state actors and could not be sued under § 1983 without nonconclusory allegations of a civil conspiracy. *Id.*

On October 10, 2024, plaintiff filed her amended complaint against three of the original nine defendants – the City of Sikeston, Sgt. Rowe, and Officer Minner – in their official and individual capacities. ECF No. 10. Plaintiff alleges her husband filed a police report against Stewart at the City of Sikeston Police Station for "fraud and theft of property." *Id.* at 7-8. Similar to the original complaint, plaintiff asserts that Stewart refused to return their $2000 of earnest

4

money, their truck and trailer, and items that were stored in the glove compartment of the truck. *Id.*

Plaintiff states that Officer Minner accompanied her husband to Stewart's Auto Sales "to keep the peace while he retrieved her property." *Id.* at 8. Upon arrival, Stewart informed Officer Minner that the items he was accused of stealing were legitimately traded for a plot of real estate. *Id.* Plaintiff then alleges that Officer Minner refused to continue assisting her husband because the matter was civil, not criminal. Plaintiff argues that Minner's response was a "failure of duty and a denial of fairness." *Id.* at 9.

After plaintiff's husband requested a supervisor, defendant Sgt. Rowe arrived on the scene. *Id.* at 10. Plaintiff claims Rowe was presented with evidence of her husband's ownership of the truck, trailer, and other items, but that he also refused to assist because it was a civil matter. *Id.* at 10-11. At such time, plaintiff's husband allegedly attempted to leave with the truck but was stopped by Officer Minner and Sgt. Rowe. *Id.* at 11. Plaintiff categorizes their actions as an "unlawful seizure." *Id.* at 12-13.

The amended complaint lists seven counts: (1) procedural due process violation under the 14th Amendment against all defendants; (2) substantive due process violation under the 14th Amendment against all defendants; (3) unreasonable seizure of property under the 4th and 14th Amendments against all defendants; (4) "violation of duties under Missouri Laws" against Officer Minner; (5) "supervisor liability doctrine violations" against Sgt. Rowe; (6) "violation of policy's general order 63" against Officer Minner and Sgt. Rowe; and (7) "violation of policy's general order 59" against Officer Minner and Sgt. Rowe. *Id.* at 14-25.

5

**Discussion**

**A. Plaintiff's Official Capacity Claims Against Defendants**

Plaintiff asserts she is bringing her allegations against defendants in their official capacities pursuant to 42 U.S.C. § 1983. ECF No. 10 at 14, 25. Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on her official capacity claims, plaintiff must establish the liability of the City of Sikeston, the governmental employer, for the alleged conduct. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). A local governing body such as the City of Sikeston can be sued directly under § 1983. *See Monell*, 436 U.S. at 690. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Here, plaintiff appears to argue for all three theories of tort liability under *Monell* for alleged violations of her Fourteenth Amendment rights when her and her husband's property was purportedly "seized." *See* ECF 10 at 14. But, regardless of the theory argued under, plaintiff's own allegations establish that neither Officer Minner nor Sgt. Rowe seized plaintiff's cash, truck, trailer

6

or other items; thus, she cannot establish a Fourteenth Amendment claim against the City of Sikeston. Plaintiff has only alleged that Officer Minner and Sgt. Rowe refused to force Stewart to return their personal property. As such, plaintiff's allegations in Counts I, II and III must be dismissed for failure to state a claim.

### B. Plaintiff's Individual Capacity Claims

#### 1. Plaintiff's Allegations that Defendant Minner Failed to "Keep the Peace"

Plaintiff alleges Officer Minner violated a Missouri state statute, Mo. Rev. Stat. § 84.090, when he failed to "keep the peace" on February 28, 2022. Plaintiff admits in her amended complaint that the cited statute does not create a private right of action. Nevertheless, she argues that a violation of the statute deprived her of her constitutional rights.

The statute to which plaintiff cites applies only to police officers employed by Kansas City and St. Louis City.[1] Officer Minner and Sgt. Rowe are alleged to be employees of the Sikeston Police Department. Thus, the Court need not analyze the applicability of the statute cited by plaintiff. The Court notes, however, that there is caselaw in Missouri finding that a police officer's decision about whether to conduct an arrest is discretionary. *See, e.g., Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005). Whether Officer Minner had the discretion to return plaintiff's property to him or allow Stewart to keep the property – or go so far as to arrest Stewart – seems to be the heart of plaintiff's complaint.

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." Amdt. 14, § 1.

---

[1]The St. Louis Board, along with the Kansas City Board, was established pursuant to § 84.090. The statute's enactment was a direct state response to perceived problems of political corruption related only to the police forces in St. Louis and Kansas City. *See Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1087, n. 8 (8th Cir. 2006). The Court has been unable to find a similar statute relative to the City of Sikeston.

7

While the underlying property or liberty interest is created by state law, federal constitutional law "determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978)). In *Castle Rock*, the Supreme Court looked to relevant state law to determine whether that law established a property or liberty interest in governmental aid or assistance and held, in that case, that no such interest existed. *Id.* at 768 ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."). Specifically, the Supreme Court stated that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* at 756.

Missouri state law provides that, generally, arrests and attempted arrests are classified as discretionary functions. *See, e.g., Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo 1984) (en banc); *Harrah's North Kansas City, LLC*, 170 S.W.3d at 479 ("Deciding whether or not to arrest someone is a matter of discretion—the officer must decide what course should be pursued based on the circumstances at hand); *see also Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006) (en banc) (noting that the officer has discretion to determine whether to make an arrest). Police officers and other enforcement officials simply could not function if every decision not to make an arrest or other custodial action were subject to judicial review and second guessing.

Plaintiff offers neither facts nor legal authority in support of her claim that Officer Minner was constitutionally required to have "kept the peace" by either forcing Stewart to return the personal property and/or to arrest Stewart. Accordingly, plaintiff has failed to allege in Count IV that her due process rights were violated by Officer Minner.

### 2. Plaintiff's Allegations that Defendant Rowe Should be Held Liable for Failing to Adequately Supervise Defendant Minner

Plaintiff alleges in the amended complaint that Sergeant Rowe "failed to adequately supervise" Officer Minner, and that in doing so, he gave "tacit approval" to Officer Minner's unconstitutional misconduct.

"A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

"[A] supervisor's liability arises if: 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Tlamka*, 244 F.3d at 635 (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

Plaintiff has not alleged that Officer Minner was inadequately trained to respond to the dispute between her husband and Stewart. Rather, she asserts that Sgt. Rowe "perpetuated" and "failed to correct" Officer Minner's actions. Plaintiff further alleges that Rowe "was made aware of and disregarded the false claims propagated by Stewart and his attorney[.]" These allegations go toward Rowe's actions rather than a supervisory role over Officer Minner.

In requiring a plaintiff to allege facts showing each defendant's personal involvement in the deprivation of his constitutional rights, the Court assesses each defendant relative to his or her authority over the claimed constitutional violation. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir.

9

2014). A person with a supervisory or administrative position may be liable only if his or her direct action or failure to supervise and train the offending employee caused the constitutional violation. *Id.* (citations omitted). Such person's personal involvement can also be established by allegations that he or she was directly involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. *Id.* (citations omitted).

Plaintiff does not allege that Officer Minner and Sgt. Rowe were acting pursuant to a policy. Instead, he asserts that Sgt. Rowe "instructed plaintiff to comply with Officer Minner's unlawful orders." Although plaintiff may not have agreed with Officer Minner's orders on February 28, 2022, Officer Minner told plaintiff that he believed the dispute between he and Stewart was a "civil one." Plaintiff's recourse was to hire a civil attorney or attempt to negotiate the matter with Stewart peacefully. Plaintiff has failed, however, to properly allege supervisory liability against Sergeant Rowe in Count V.

### 3. Plaintiff's Allegations that Defendants Rowe and Minner Should be Held Liable for Violating General Order 63 and General Order 59

Plaintiff cites to "General Order 63 of the Sikeston Department of Public Safety," which allegedly requires, "that officers have a warrant, consent, or exigent circumstances to arrest persons inside their homes and requires that all searches and seizures be reasonable and within the limits of the officer's authority." ECF No. 10 at 21. Plaintiff further cites to "General Order 59," which she indicates, "mandates that the Sikeston Department of Public Safety provide services to ensure the greatest degree of public and traffic safety and reasonable aid, with employees basing their conduct and action on the facts of each situation, relaying on experience, training, and judgment." *Id.* at 23.

Police department guidelines, however, do not create constitutional rights which are implicated by the breach of such guidelines. *See Mettler v. Whitledge*, 165 F.3d 1197, 1203 (8th

Cir. 1999) (plaintiff's assertion that two deputies failed to follow sheriff department's guidelines by failing to wait for back-up and use other protective actions did not establish a constitutional violation); *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833 (1998) (fact that officer violated department policy on high-speed chase was not used as a factor by the Court in deciding whether decedent's Fourteenth Amendment rights were violated); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations"). As such, even if Officer Minner and Sgt. Rowe violated the police department's policies, which the Court is not deciding here, no constitutional violation can exist. Thus, plaintiff's allegations in Counts VI and VII are subject to dismissal.

## Conclusion

After carefully reading and liberally construing the amended complaint, the Court concludes the claims in this lawsuit are not viable under 42 U.S.C. § 1983. The Court cannot envision an amendment to the amended complaint that would cause it to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the amended complaint [ECF No. 11] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that to the extent plaintiff is seeking relief under Missouri state law, those claims are subject to dismissal, without prejudice, pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of December, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE